UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY R. P. BILLINGS,<br><br>      Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>      Defendants. | Case No.: 1:14-cv-01035-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**I.**   **Screening Requirement and Standard**

Plaintiff Larry R. P. Billings ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 23, 2015, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on February 2, 2015, is currently before the Court for screening. (ECF No. 8.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Valley State Prison, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Dr. Ma Cohanan; and (2) CMO Dr. Malakkala.

Plaintiff alleges as follows:

Plaintiff has been afflicted with Hepatitis C since before 2001. His current viral load is in excess of four million (4,000,000) and has been diagnosed at stage 2.2. A viral load of anything above 800,000 viral load is above average. If left untreated Hepatitis C is fatal. I saw Dr. Cohanan, who informed me on 7/14/2014 that my stage level had dropped to 1.2. It is illogical because the liver cannot repair itself. Dr. Cohanan told me International Disease Control (IDC) suggest Hep-C treatment for people with Hep-C. [¶] she said CDCR would not provide treatment because of amount of inmates who need it and its cost of $90,000.00. CMO Malakkala as her supervisor, and doctor who approves or disapproves medical treatment, denied me a life saving treatment based on false evidence, of which I have evidence to disprove. Moreover, treatment was disapproved based on financial consideration and not on medical necessity. Dr. Cohanan at first said this was a life saving treatment and failed to provide me treatment based on inaccurate records, which she did not review and on financial costs. Both doctors should have

> received my health file and provided life saving treatment based on my medical necessity.

(ECF No. 8, pp. 3-4.)  According to exhibits attached to the complaint, Plaintiff was evaluated by his primary care provider on April 29, 2014, and was not currently eligible for HCV treatment per the California Correctional Health Care Services Care Guide:  Hepatitis C.  Plaintiff was enrolled in the Chronic Care Program and HCV Clinic and would continue to be scheduled for follow-up care and monitored.  (ECF No. 8, p. 6.)

### III.     Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105 06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does

not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).  Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has failed to state a cognizable claim for deliberate indifference to serious medical needs.  At best, Plaintiff has alleged that Dr. Conanan found Plaintiff to have a reduced viral load and a physician determined he was not eligible for HCV treatment.  Plaintiff's counter assertion that he requires such treatment establishes a mere difference in opinion with his medical providers regarding the appropriate course of treatment.  "A difference of opinion between a physician and the prisoner-or between medical professionals-concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).  In this instance, Plaintiff has not demonstrated that the denial of certain Hep-C treatment was done with a conscious disregard of an excessive risk to Plaintiff's health.  As noted above, Plaintiff's stage level was reduced and he was not eligible for the specific Hep-C treatment according to department guidelines.  Further, prison officials planned to monitor Plaintiff's condition and schedule him for follow-up treatment.  It does not appear that the deficiencies in Plaintiff's allegations can be cured by amendment.

### IV.     Conclusion and Recommendation

Plaintiff's amended complaint fails to state a cognizable claim upon which relief can be granted.  As discussed above, further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d

4

1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839, (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 30, 2015**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE